ORDER DENYING APPEAL
GARY P. SULLIVAN, Chief Justice.
A Notice of Appeal having been timely filed on January 2, 2002[1] by Albert Loans Arrow Jr., pro se, defendant, from a Tribal Court sentencing order issued December 26, 2001, the Honorable Juanita Azure, presiding. , Said appeal is denied for the reasons set forth below.
Defendant Albert Loans Arrow Jr. (hereafter ‘Albert’) was found guilty of a violation of Title VII CCOJ 2000 § 244 (Domestic Abuse) (hereafter ‘DA’) following a bench trial on December 13, 2001. At his sentencing hearing on December 26, 2001, Albert received ‘ninety days (90) flat’ jail time plus ‘thirty days (30) flat’ jail time *229 for a probation violation from a previous conviction of DA, totaling one-hundred twenty days (120) flat jail time. In addition, the Tribal Court ordered that he obtain a mental health and drug/alcohol evaluation. He was also ordered to enter an anger management and ‘batterer’s group’.
In his pro se Notice of Appeal, Albert complains that his sentence was “tainted of the first trial and Nov. 2, 2001. The prosecutions (sp) opening statement.’’ We assume that Albert is complaining of his previous conviction for DA and that (perhaps) the Tribal Prosecutor made reference to it during his opening statement. Regrettably, Albert does not give us sufficient information to know for sure. Assuming that an improper reference was made to a prior conviction, and if Albert made a timely objection to it, then a constitutional issue might have arisen. However, without more information, this Court cannot determine any legal basis for appeal on this particular contention.
Albert’s second contention is equally wanting: “The Judge’s sentence and the guidelines of the (illegible word) were out of order and- 'not called for.” There is little doubt that most all defendants feel that their sentences were “out of order and not called for” and Albert is no exception. However, this Court needs to know ‘why 1 a given sentence is “out of order”. Bare allegations, such as Albert’s, raise no legal issue to warrant this Court’s review.
Albert’s final contention states: “Judge Bighorn’s decision on the guilty decision he made, based, on the testimony of Helena Duncan, m-yself Albert Loans Arrow Jr.” Again, we are at a loss as to what Albert was attempting to articulate. We might assume that he was attempting to suggest that the evidence received by the Court did not support a guilty judgment. Or, perhaps he was attempting to point out that the Court failed to consider mitigating testimony from either or both of the witnesses. Unfortunately, only pure speculation can bridge the gap between Albert’s “words of contention” and any possible legal issues for appeal.
This Court does not fail to recognize Albert’s pro se status and the grave responsibility reposed in us to insure that all constitutional protections have been afforded to all who appear in our ’Tribal Courts. On occasion we have gone so far as to raise constitutional issues sua sponte. Babby v. Babby FPCOA # 217c at page 11, ; Llewellyn Eaqle v. Fort Peck Tribes FPCOA # 210 at page 7; Fort Peck Tribes v. Morales # 283 at page 6, 1 Am. Tribal Law 131, 137. However, after careful review' of the record herein, we find nothing in the Tribal Court’s judgment of guilty or the Tribal Court’s imposition of sentence that would cause us to invoke such a principle in this case. Accordingly, the appeal is denied.
NOW THEREFORE, it is the order of this Court that the appeal herein, captioned as shown above, is denied and all Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this appeal, are herewith restored and shall be given full force and effect without further delay.
The Clerk of the Court of Appeals shall cause a copy of this order to be served on the defendant, Albert Loans Arrow Jr. within twenty (20) days of this order.

. Two identical Notices of Appeal appear in the record bearing two different filing dates: January 2, 2002 and January 4, 2002 The earlier date is used herein for purposes of calculating the filing time requirement.